PER CURIAM.
The Florida Bar (Bar) petitions this Court to amend the Florida Designation Plan (sub-chapter 6-2) of the Rules Regulating the Florida Bar.[1] We have jurisdiction. Art. V, § 15, Fla. Const.
The Board of Governors of the Florida Bar, in April of 1993, accepted the recommendation of the board’s Program Evaluation Committee to institute a three-year phaseout of all sixteen subject areas of legal practice detailed in the Florida Designation Plan (Plan).[2] The recommended date of complete termination is June 30, 1996. A petition was filed with this Court and notice of the filing was published in the June 15, 1993, edition of The Florida Bar News.
The Plan, instituted in 1974 at the National Conference of Bar Presidents, was initiated to “permit a restrained and dignified announcement of specialization,” thus quickening the day when “a system for certification of legal specialists can be fully operative to assist potential clients in intelligently selecting an appropriate lawyer.” The Bar informs the Court that however well intended, the Plan is “confusing to the public and lacks qualitative attorney data; exhibits declining enrollment and support from within the membership of The Florida Bar; and reflects diminished utility while operating in conjunction with the Florida Certification Plan.”
Given the state of the Plan, a three-year phaseout and eventual termination was recommended to and accepted by the Board of Governors of the Florida Bar. During the three-year phaseout period the Bar recommends designation be granted to eligible applicants, with all rights and privileges, but only until the Court-established termination date.
To facilitate the change needed to phase out the plan, the Bar has proposed the following amendment to subchapter 6-2 of the Rules Regulating The Florida Bar:

RULE 6-2.11 SUNSET PROVISION

Subchapter 6-2 shall expire and all rights granted hereunder shall likewise expire on June SO, 1996.

*481 Pursuant to Rule Regulating the Florida Bar l-12.1(a), we approve the above sunset provision as proposed. Our decision is not to be interpreted as inhibiting attorney advertisement in accordance with Rule 4-7.2 of the Rules Regulating The Florida Bar. The amendment adopted by this opinion shall take effect upon the opinion’s becoming final.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents.

. The Bar filed a motion to consolidate the instant petition with the pending case No. 81,301- — • Proposed Amendments to the Rules Regulating the Florida Bar. This motion was denied.

. Under the Plan an attorney is permitted to publicly designate up to three areas of legal practice.